**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DISEREE HOFFMAN,** | ) | |
| | ) | |
|    **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-670-ECM-CWB** |
| | ) | |
| **ALABAMA CVS PHARMACY L.L.C.,** | ) | |
| | ) | |
|    **Defendant.** | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.      Procedural History**

Diseree Hoffman filed this action in the Circuit Court of Macon County, Alabama against Alabama CVS Pharmacy LLC[1] and Marilynn Nelson.  (Doc. 1-2 at p. 7).  The asserted claims sought relief under Alabama state law for injuries allegedly arising out of a May 28, 2025 incident where Hoffman sustained personal injuries while shopping at a CVS store location in Tuskegee, Alabama.  (*Id.* at p. 9).  CVS removed proceedings to this court on the basis of diversity jurisdiction.  (Doc. 1).  Although Nelson apparently has non-diverse citizenship and did not join in the removal, CVS asserted that Nelson was fraudulently joined such that her Alabama citizenship should be disregarded.  (*Id.* at p. 3, ¶ 5).  Hoffman in turn moved to remand the proceedings and expressly stipulated that her damages were limited to $74,500.  (Doc. 9). At the court's direction (Doc. 10), CVS filed a response on the remand issue and "concede[d] that this case is due to be remanded" (Doc. 11).

---

[1]  It appears that the defendant designated by Hoffman as "Alabama CVS Pharmacy LLC" should be properly designated as Alabama CVS Pharmacy L.L.C.  (*See* Doc. 1).

## II.     Legal Standard

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) ("[L]ower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction … ."). Due to the inherent limitation on authority, it is incumbent upon a court to assure itself "at the earliest possible stage in the proceedings" that it possesses jurisdiction. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

With specific respect to actions filed initially in state court, removal to federal court is authorized only in circumstances where a district court would have had "original jurisdiction" over the action. *See* 28 U.S.C. § 1441 ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). And it falls upon the removing party to establish that such jurisdiction exists. *See Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal."); *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction.").

Because removal infringes upon state sovereignty and implicates central concepts of federalism, any jurisdictional doubts should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."). Stated differently, a plaintiff's right to choose the forum and a defendant's right to remove "are not on equal footing." *Id*.

## III.    Discussion

### A.    Federal Question Jurisdiction

The Notice of Removal (Doc. 1) contains no assertion that removal was predicated upon federal question jurisdiction. Nor has the court's independent review of the record uncovered any issue that reasonably could be construed as "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. It thus is clear that jurisdiction rises or falls on application of 28 U.S.C. § 1332(a).

### B.    Diversity Jurisdiction

Complete diversity of citizenship would exist between the parties only upon a finding that Nelson was fraudulently joined as a defendant. But the court need not address that issue if removal jurisdiction is not satisfied as to the amount in controversy. *See* 28 U.S.C. § 1332(a) (constraining diversity jurisdiction to cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"); *see also Parker v. Williams Plant Servs., LLC*, No. 1:16-cv-239, 2016 WL 3892454, at *3 (M.D. Ala. June 29, 2016) ("Removal jurisdiction requires both complete diversity and satisfaction of the requisite amount in controversy. A case does not become removable until both conditions are present.").

Here, the Complaint does not contain any articulation of the amount of damages being sought. (*See* Doc. 1-2 at p. 7). "When the plaintiff alleges unspecified damages, the party seeking

to remove bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Buckeridge v. Tuskegee Univ.*, No. 3:20-cv-856, 2021 WL 6884910, at *1 (M.D. Ala. Jan. 6, 2021) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)).    The Notice of Removal asserts "upon information and belief" that the amount in controversy "exceeds the sum of $75,000, exclusive of interest and costs"—relying upon the Complaint's generalized allegations that Hoffman "[s]uffered severe injury to her person," "[w]as caused to be permanently injured," "[w]as caused and will be caused in the future to expend large sums of money in the nature of doctor, hospital, drug and other medical expenses in and about an effort to heal and cure said injuries," and "[w]as caused to be permanently unable to pursue many normal and usual activities." (Doc. 1 at p. 3, ¶ 7).  CVS further noted that Hoffman is seeking an award of punitive damages.  (*Id*. at p. 4, ¶ 9).

In short, CVS reasoned in the Notice of Removal that "the nature and extent of [Hoffman's] personal injuries, treatment and description of damages supports the conclusion that the amount in controversy exceeds $75,000."  (*Id*.).  On the other hand, however, Hoffman has submitted a sworn affidavit stating that "[i]t is my intention and decision to limit my claim for damages in this action to $74,500, an amount below the jurisdictional threshold" and that "in doing so, I am waiving my right to either seek, accept, or collect any damages in excess of $74,500." (Doc. 9-2 at p. 3, ¶¶ 7-8).  Hoffman therefore seeks to have this action remanded to state court. (Doc. 9).

The court is cognizant that the amount in controversy must be viewed as it existed at the time of removal and that post-removal reductions to the amount in controversy cannot oust jurisdiction once it has attached.  *See, e.g., Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290-91 (11th Cir. 2000), *overruled on other grounds by Alvarez v. Uniroyal Tire*

*Co.*, 508 F.3d 639, 640-41 (11th Cir. 2007). That being said, the court is unable to conclude by a preponderance of the evidence that Hoffman was <u>ever</u> seeking more than $75,000 exclusive of interest and costs. Nothing in the Complaint suggests a range of recovery, and the allegations cited in the Notice of Removal are nothing more than descriptive terms commonly used when pleading personal injury claims—shedding no light on actual value. *See Thompson v. Target Corp.*, No. 2:18-cv-97, 2018 WL 1750754, at *3 (M.D. Ala. Mar. 21, 2018) (finding allegations of "several physical ailments," "physical pain and suffering," "mental anguish," "physical injury," "medical expenses," "loss of activity," "loss of income," "property damage," "rehabilitative expenses," and "internally or permanently injured/scarred" to be insufficient to satisfy the amount in controversy requirement); *see also Lowe v. State Farm Fire & Cas. Co.*, No. 3:15-cv-877, 2016 WL 818658, at *6 (M.D. Ala. Feb. 16, 2016) ("Plaintiff's allegations of mental anguish and suffering say nothing about the value of the claims no matter the seriousness of the general assertion."). So too has it been made clear that reliance upon a generalized claim for punitive damages is insufficient to satisfy the removing party's burden. *See Target*, 2018 WL 1750754 at *3; *see also Perkins v. Merion Realty Servs, LLC*, No. 2:14-cv-1171, 2015 WL 998198, at *4 (M.D. Ala. Mar. 6, 2015).

Based upon the current record, there is simply no way for the court to conclude whether the threshold jurisdictional amount was "more likely than not" satisfied at the time of removal. *See Nelson v. Tuskegee Univ.*, No. 3:17-cv-512, 2018 WL 1719715, at *3 (M.D. Ala. 2018). No treatment records, medical billings, or similar materials have been submitted that would in any manner quantify the type of physical, emotional, or other harms allegedly suffered. Nor have any incident reports been submitted that would further inform the court's evaluation of the alleged misconduct. *See Pretka*, 608 F.3d at 755 ("[D]efendants may submit a wide range of evidence

in order to satisfy the jurisdictional requirements of removal.") (citations omitted); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001) ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.").

"[T]he removing party bears the burden of showing the existence of federal jurisdiction." *Pacheco de Perez v. AT&T Co*., 139 F.3d 1368, 1378 (11th Cir. 1998) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)). "[T]o the extent that competing inferences may be drawn from the specific factual allegations of the complaint, the court must indulge those inferences most favorable to remand." *Benton v. Safeway Ins. Co. of Alabama*, No. 3:17-cv-95, 2017 WL 2374725, at *2 (M.D. Ala. May 11, 2017). And to find here that jurisdiction was present at the time of removal would require precisely the opposite. *See also id*. at *2 ("[I]t is axiomatic that, on a motion to remand, all questions or doubts as to subject matter jurisdiction are to be resolved in favor of returning the matter to state court.") (citing *Burns*, 31 F.3d at 1095); *see also Pretka*, 608 F.3d at 753-54 ("[W]ithout facts or specific allegations, the amount in controversy could be 'divined [only] by looking at the stars'–only through speculation—and that is impermissible."); *Parker*, 2016 WL 3892454 at *5 ("While it is legally possible that Plaintiff could recover more than the jurisdictional amount, WPS's burden in sustaining removal jurisdiction is much heavier.").

Moreover, Hoffman now has submitted a post-removal affidavit to state as follows:

7.     It is therefore, my intention and decision to limit my claim for damages in this action to $74,500, an amount below the jurisdictional threshold of this Honorable Court.

8.     I understand that in so doing, I am waiving my right to either seek, accept, or collect any damages in excess of $74,500.

6

(Doc. 9-2). If the Complaint and/or other materials submitted in support of removal had been sufficient to establish the amount in controversy, then Hoffman's affidavit perhaps would be insufficient to warrant remand. *See Hayes v. State Farm Ins., et al.*, No. 3:17-cv-15, 2017 WL 2819317, at *2-3 (M.D. Ala. May 25, 2017) (finding that remand was not due because plaintiff's attempt to reduce damages below the statutory requirement after removal was improper). But under the circumstances presented, the court finds the affidavit more akin to a clarification that the jurisdictional threshold was never met. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808-09 (11th Cir. 2003); *Stokes v. Homes*, No. 2:08-cv-806, 2009 WL 413755, at *2 (M.D. Ala. Feb. 18, 2009); *Thornton v. Waffle House, Inc.*, No. 2:06-cv-446, 2006 WL 2631350, at *2 (M.D. Ala. Sept. 13, 2006); *Lacey v. Dollar General Corp*., No. 2:05-cv-1041, 2005 WL 3240708, at *2 (M.D. Ala. Nov. 30, 2005); *Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F. Supp.2d 1299, 1302 (M.D. Ala. 2001); *Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1301-03 (M.D. Ala. 1999). As explained previously, the record evidence does not preponderate otherwise.

## IV.    Conclusion

Based upon a finding that the amount in controversy at all times has fallen short of the jurisdictional minimum, it is the **RECOMMENDATION** of the Magistrate Judge that the Motion to Remand (Doc. 9) be granted such that this action is remanded to the Circuit Court of Macon County, Alabama.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **November 12, 2025**. An objecting party must identify the specific portion(s) of all factual findings/legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 29th day of October 2025.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**